# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ELSIEN LORENZO, individually and on behalf of all others similarly situated,<br><br>v.<br><br>ZF COLLECTIVE LLC | **Case No. 4:24-cv-03881**<br>FLSA Collective Action<br><br><br>Jury Trial Demanded |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.	Elsien Lorenzo brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2.	Lorenzo regularly worked for ZF Collective LLC in excess of 40 hours in a week.

3.	But ZF Collective LLC ("Zona Facta") failed to pay Lorenzo and other hourly workers like him overtime as required by federal law.

4.	Instead, Zona Facta paid Lorenzo and workers like him at their same hourly rate for all hours worked and improperly classified them as independent contractors.

5.	This collective action seeks to recover the unpaid wages and other damages owed to Lorenzo and other hourly workers for Zona Facta.

### JURISDICTION AND VENUE

6.	This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Zona Facta's principal place of business is in this District.

8.     **Plaintiff Elsien Lorenzo** is a natural person.

9.     Lorenzo has been, at all relevant times, an employee of Zona Facta.

10.    Lorenzo was an hourly-paid employee of Zona Facta.

11.    Lorenzo worked for Zona Facta from November 2023 to August 2024.

12.    Lorenzo seeks to represent a collective of similarly situated employees under 29 U.S.C. § 216(b) (the "FLSA Collective"). The FLSA Collective is defined as:

> **All persons currently or formerly employed by, or working on behalf of, ZF Collective LLC who were paid "straight time for overtime" at any point from three years prior to the date this Complaint is filed until judgment is entered.**

13.    Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

14.    **Defendant ZF Collective LLC ("Zona Facta")** is a domestic limited liability company.

15.    Zona Facta does business under the assumed names Zona Facta, Zona Facta Risk Mitigation, and Zona Facta Collective.

16.    Zona Facta may be served by service upon its registered agent, **United Corporate Services, Inc., 815 Brazos, Ste. 500, Spring, TX 78701**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

17.    At all relevant times, Zona Facta was an employer of Lorenzo within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.    At all relevant times, Zona Facta was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.     At all relevant times, Zona Facta has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20.     During at least the last three years, Zona Facta has had gross annual sales in excess of $500,000.

21.     During at least the last three years, Zona Facta was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

22.     During at least the last three years, Zona Facta has employed many workers, including Lorenzo and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

23.     Zona Facta employs many workers, including Lorenzo and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

24.     The goods and materials handled, sold, or otherwise worked on by Lorenzo and other Zona Facta employees and that have been moved in interstate commerce include, but are not limited to, security equipment and supplies.

25.     Zona Facta treated Lorenzo as an employee and uniformly dictated the pay practices to which Lorenzo was subjected.

26.     Zona Facta's misclassification of Lorenzo as an independent contractor does not alter his status as an employee for purposes of this FLSA action.

27.    Zona Facta provides a variety of risk mitigation services. Zona Facta, Our Story, https://zfcollective.com/our-story/ (last accessed Oct. 10, 2024).

28.    Zona Facta's risk mitigation services include, for example, physical security services, training, and cybersecurity. Zona Facta, Services, https://zfcollective.com/services/ (last accessed Oct. 10, 2024).

29.    Zona Facta needs workers to perform each of these services.

30.    For example, without security guards, Zona Facta could not provide site security services.

31.    Without security personnel, Zona Facta could not provide personal protection services.

32.    While exact job titles and job duties may slightly differ, Lorenzo and the Similarly Situated Workers were subjected to the same or similar illegal pay practices for similar work.

33.    Some of Zona Facta's workers are employed by Zona Facta.

34.    Zona Facta employed persons to perform the same work as its independent contractor workers in the same positions.

35.    Many of the individuals who worked for Zona Facta performing the same or substantially similar job duties as Lorenzo were classified as employees.

36.    Many of the individuals who worked for Zona Facta performing the same or substantially similar job duties as Lorenzo were misclassified by Zona Facta as so-called independent contractors.

37. Regardless of whether they were classified as employees or independent contractors, Zona Facta paid Lorenzo and the Similarly Situated Workers the same hourly rate for all hours worked, including those over 40 in a workweek.

38. Throughout his employment with Zona Facta, Lorenzo was classified as an independent contractor.

39. The work Lorenzo performed is an essential part of Zona Facta's core business.

40. During Lorenzo's employment with Zona Facta and while he was classified as an independent contractor, Zona Facta exercised control over all aspects of his job.

41. Lorenzo was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in his same job position) to perform his job duties.

42. During the time that Lorenzo worked with Zona Facta, he worked exclusively for Zona Facta.

43. Zona Facta controlled all the significant or meaningful aspects of the job duties performed by Lorenzo.

44. Zona Facta ordered the hours and locations Lorenzo worked, tools used, and rate of pay received.

45. Even though Lorenzo often worked away from Zona Facta's offices without the presence of a direct Zona Facta supervisor, Zona Facta still controlled all aspects of Lorenzo's job activities by enforcing mandatory compliance with Zona Facta's policies and procedures.

46. No real investment was required of Lorenzo to perform his job.

47. Zona Facta determined Lorenzo's opportunity for profit and loss.

48. Lorenzo did not provide the equipment he worked with on a daily basis. Zona Facta made the large capital investments in buildings, machines, equipment, tools, and supplies in the business in which Lorenzo works.

49. Lorenzo did not incur operating expenses like rent, payroll, marketing, and insurance.

50. Lorenzo was economically dependent on Zona Facta during his employment.

51. Zona Facta set Lorenzo's rate of pay and his work schedule.

52. Zona Facta directly determined Lorenzo's opportunity for profit and loss, as Lorenzo's earning opportunity was based on the amount of time Zona Facta scheduled him to work.

53. For the purposes of an unpaid overtime claim, very little skill, training, or initiative was required of Lorenzo to perform his job duties.

54. Indeed, the daily and weekly activities of Lorenzo and the Similarly Situated Workers were routine and largely governed by standardized plans, procedures, and checklists created by Zona Facta.

55. Virtually every job function of the Similarly Situated Workers was pre-determined by Zona Facta and/or its clients, including the equipment to use at a job site, the schedule of work, and related work duties.

56. Lorenzo and the Similarly Situated Workers were prohibited from varying their job duties outside pre-determined parameters.

57. Moreover, the job functions of Lorenzo and the Similarly Situated Workers were primarily manual labor/technical in nature that did not require a college education or other advanced degree.

58.     Lorenzo performed routine manual and technical labor duties that were largely dictated by Zona Facta and/or its clients.

59.     Lorenzo was not employed by Zona Facta on a project-by-project basis.

60.     Lorenzo was not paid by Zona Facta on a project-by-project basis.

61.     All the Similarly Situated Workers were subjected to the same or similar policies and procedures by which Zona Facta dictated the day-to-day activities performed by each person. The Similarly Situated Workers also worked similar hours as Lorenzo and were denied overtime pay as a result of the same illegal pay practice.

62.     Lorenzo was an hourly employee of Zona Facta.

63.     Zona Facta never paid Lorenzo a salary.

64.     Zona Facta never paid Lorenzo on a fee basis.

65.     Zona Facta paid Lorenzo by the hour.

66.     Lorenzo reported the hours he worked to Zona Facta on a regular basis.

67.     Lorenzo's hours are reflected in Zona Facta's records.

68.     Zona Facta paid Lorenzo at the same hourly rate for all hours worked in a workweek.

69.     Zona Facta did not pay Lorenzo an overtime premium for all hours worked in excess of 40 in a workweek.

70.     Instead, Zona Facta paid Lorenzo "straight time"—that is, his regular hourly rate—for all overtime hours he worked.

71.     Lorenzo normally worked more than 40 hours in a week.

72.     For example, during the week of August 3, 2024, Lorenzo worked a total of 73.5 hours for Zona Facta.

73.     Zona Facta paid Lorenzo at the same hourly rate of $22.50 per hour for all 73.5 hours he worked, including overtime hours.

74.     Thus, rather than receiving time-and-a-half as required by the FLSA for all hours over 40 in a workweek, Lorenzo only received "straight-time" pay for his overtime hours worked.

75.     This "straight-time-for-overtime" payment scheme violates the FLSA.

76.     Zona Facta was aware of the overtime requirements of the FLSA.

77.     Zona Facta nonetheless failed to pay certain hourly employees, such as Lorenzo, overtime for all hours worked over 40 in a workweek.

78.     Zona Facta's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

COLLECTIVE ACTION ALLEGATIONS

79.     Zona Facta's illegal "straight time for overtime" policy extends well beyond Lorenzo.

80.     It is the "straight time for overtime" payment plan that is the "common policy or plan that violate[s] the law." (McDonald v. Ricardo's on the Beach, Inc., No. CV 11-93366 PSG (MRWx), 2013 WL 228334, at *2 (C.D. Cal. Jan. 22, 2013) [internal quotations omitted].); *see also*, *e.g.*, *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006) (certifying "straight time for overtime" claim for collective treatment); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (same).

81.     Zona Facta has paid many hourly workers according to the same unlawful scheme.

82. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

83. The workers impacted by Zona Facta's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION–VIOLATIONS OF THE FLSA

84. Lorenzo incorporates all other allegations.

85. By failing to pay Lorenzo and the FLSA Collective members overtime at 1.5 times their regular rates, Zona Facta violated the FLSA. 29 U.S.C. § 207(a).

86. Zona Facta owes Lorenzo and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

87. Zona Facta owes Lorenzo and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

88. Zona Facta knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Lorenzo and the FLSA Collective members.

89. Because Zona Facta knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Zona Facta owes these wages for at least the past three years.

90. Zona Facta's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

91.     Because Zona Facta's decision not to pay overtime was not made in good faith, Zona Facta also owes Lorenzo and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

92.     Lorenzo and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

Lorenzo prays for judgment against Zona Facta as follows:

a.     For an order certifying a collective action for the FLSA claims;

b.     For an order finding Zona Facta liable for violations of federal wage laws with respect to Lorenzo and the FLSA Collective members;

c.     For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Lorenzo and the FLSA Collective members;

d.     For a judgment awarding attorneys' fees to Lorenzo and the FLSA Collective members;

e.     For a judgment awarding costs of this action to Lorenzo the FLSA Collective members;

f.     For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Lorenzo and the FLSA Collective members; and

b.     For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
TX Bar # 24069719
S.D. Tex. Bar # 1076547

**PARMET PC**
2 Greenway, Ste. 250
Houston, TX 77046
phone 713 999 5200
matt@parmet.law

**Attorneys for Plaintiff**


**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*

_____

**Matthew S. Parmet**