Case 4:24-cv-03881   Document 33   Filed on 10/10/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
October 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ELSIEN LORENZO, individually and on behalf of all others similarly situated, | § § § § § § § § § § | |
| *Plaintiff,* | | |
| vs. | | Case No. 4:24-cv-3881 |
| ZF COLLECTIVE, LLC, | | |
| *Defendant.* | | |

# **ORDER**

This is a proposed Fair Labor Standards Act ("FLSA") collective action to recover unpaid overtime and liquidated damages.[1] This Court previously issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion for collective certification be denied based on a failure of proof. R&R, ECF No. 22. Plaintiff withdrew that motion and sought additional discovery from Defendant to supplement a future motion. ECF No. 28. Pending before the Court is Plaintiff's motion to compel further discovery responses from Defendant. *Id.*[2] The Court

---

[1] The district judge to whom this case is assigned referred it to this Court for all pretrial matters. Order, ECF No. 10.

[2] For discovery motions, this Court's procedures direct counsel to "request a conference with the Court in a **letter**" explaining previous discussions between parties' counsel in detail. Judge Palermo's Court Procedures, Section V.2. The pending motion does not follow this rule because it is not a letter, does not request a conference with the Court, and does not describe in detail the discussions between the parties. Counsel are instructed to familiarize themselves with this Court's local procedures.

1

previously ordered counsel to meet and confer regarding the disputes raised in Plaintiff's motion. Order, ECF No. 30. Defendant has since filed a motion for protection, explaining that counsel did meet and confer as ordered and resolved all but one issue in Plaintiff's motion. ECF No. 32 at 2.[3] The sole remaining matter is whether Plaintiff's motion to compel Defendant to turn over the names and contact information of potential opt-in plaintiffs should be granted. *Id.* at 1. The Court concludes that Plaintiff is entitled to most of the requested discovery.

I. **BACKGROUND**

Plaintiff and the putative collective members are current and former security guards employed at Zona Facta, a company that provides a variety of risk mitigation services, including physical security services. ECF No. 1 ¶¶ 12, 14, 27–28, 30–31;

---

[3] In the motion, Defendant's counsel repeatedly misidentifies Judge Palermo as "Magistrate Palermo," even though correctly referencing her as Magistrate Judge Palermo twice. ECF No. 32. The title magistrate is obsolete in the United States Courts. More than thirty years ago, Congress created the title of United States Magistrate Judge to reflect the role magistrate judges play in relieving the burgeoning caseloads of the United States District Courts and the corresponding burdens on district judges. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990) ("After the enactment of this Act, each United States magistrate ... shall be known as a United States magistrate judge."). Calling a magistrate judge "magistrate" is the equivalent of calling a district judge "district," or a bankruptcy judge "bankruptcy." The proper way to refer to a magistrate judge orally or in writing is "Judge." It is an important distinction that Defendant's counsel failed to recognize. *See Tyran S. v. Kijakazi*, No. 4:22-CV-1736, 2023 WL 6540852, at *1 (S.D. Tex. Oct. 6, 2023); *Bird v. Nat'l Aeronautics & Space Agency*, No. 4:20-CV-275, 2022 WL 90515, at *1, n.1 (S.D. Tex. Jan. 7, 2022); *Young v. Safeco Ins. Co. of Am.*, No. 20-CV-01816-LK, 2022 WL 1061940, at *1 (W.D. Wash. Apr. 8, 2022); *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 642 n.1 (E.D. Mich. 2021); *United States v. Higby*, 544 F.Supp.3d 861 (S.D. Iowa 2015); *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 172, n.13 (5th Cir. 2011). Counsel is reminded to use the correct title, in the future, when referring to Judge Palermo or any magistrate judge.

ECF No. 19 at 9. "While exact job titles and job duties may slightly differ," Plaintiff and the putative collective members allegedly "were subjected to the same or similar illegal pay practices for similar work." ECF No. 1 ¶ 31. Specifically, Plaintiff claims they were misclassified as independent contractors and denied overtime pay; Plaintiff alleges Defendant paid "Lorenzo and the Similarly Situated Workers the same hourly rate for all hours worked, including those over 40 in a workweek." *Id.* ¶ 37.

## II. LEGAL STANDARD FOR MOTIONS TO COMPEL DISCOVERY.

Parties who seek discovery may "move for an order compelling an answer" if a party "fails to answer an interrogatory submitted under Rule 33" of the Federal Rules of Civil Procedure. FED. R. CIV. P. 37(a)(2)(B). Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the parties' relevant access to relevant information, the parties' resources, the importance of the discovery in resolving the issue," whether the burden of the discovery outweighs its benefit, and other factors. FED. R. CIV. P. 26(b)(1).

## III. PLAINTIFF IS ENTITLED TO DISCOVERY OF SIMILARLY SITUATED WORKERS.

The sole remaining discovery dispute is whether information, including the names and contact information, of potential opt-in plaintiffs is discoverable. Plaintiff seeks an order directing Defendant to provide the names and contact information for

3

similarly situated employees. Defendant objects, asserting that Plaintiff is not entitled to this information, it is not proportional to the needs of the case, and Plaintiff has failed to explain why he needs the information.

### A. The Fifth Circuit Changes The Landscape For Collective Action Discovery in *Swales*.

The FLSA allows a plaintiff to bring a collective action on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). The statute, however, does not define the term similarly situated. *Garcia v. WHC, LLC*, No. 7:20-CV-00331, 2021 WL 12348571, at *2 (S.D. Tex. Sept. 16, 2021) (citing *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 435 (5th Cir. 2021)).

Under the FLSA, similarly situated employees must opt-in to obtain the benefit from the collective action. *Id.* The trial court has responsibility to oversee the opt-in process, which requires the issuance of notice to potential opt-in plaintiffs "in a way that scrupulously avoids endorsing the meris of the case." *Swales*, 985 F.3d at 440. To manage the collective action, the trial court must ascertain the contours of the action at the outset. *Id.* at 441. This often involves questions as to the scope of discovery.

*Swales* provides the baseline analysis required for discovery in collective action cases. In *Swales,* the Fifth Circuit addressed an FLSA unpaid wages lawsuit that truckers categorized as independent contractors brought against their employer. *Swales,* 985 F.3d at 438. The question before the court was "[h]ow rigorously, and

4

how promptly, should a district court probe whether potential members are 'similarly situated' and thus entitled to court-approved notice of a pending collective action?" *Id.* at 433. The Fifth Circuit concluded that district courts should identify the facts and legal considerations that will be material to determining whether employees are similarly situated "at the outset of the case" and then authorize preliminary discovery as necessary. *Id.* at 441. The Fifth Circuit stressed the importance of considering all evidence available when determining whether workers are similarly situated to a plaintiff, recognizing that the same evidence may be used to determine the merits. *Id.* at 442-23. Considering whether the merits questions can be answered collectively helps the court decide whether notice is necessary and ensures that it is sent only to potential plaintiffs. *Id.* at 442. Courts have "broad, litigation-management discretion" when it comes to evaluating discovery requests and "the FLSA's similarity requirement." *Id.* at 443. The key issue is to correctly determine the scope of similarly situated workers at the outset of the litigation. *Id.; Garcia*, 2021 WL 12348571, at 3.

### B. Putative Class Discovery: Names and Contact Information.

Plaintiff's interrogatory requests Defendant to "[i]dentify each [allegedly similar worker] by providing their name, last known address, phone number, job title, dates of employment, and the geographic location and name of the facility where they performed work for you." ECF No. 28 at 7–8; Interog. No. 3, ECF

No. 28-1 at 4. In response to discovery, Defendant objected on the basis that the definition of "Allegedly Similar Worker" was "vague, ambiguous, and unintelligible." ECF No. 28-1at 4. In its motion for protection, Defendant objects that this sensitive information is not necessary, is not proportional to the needs of the case, and risks converting discovery into a solicitation tool for additional plaintiffs. ECF No. 32 at 2. Plaintiff claims that this discovery is needed to address the evidentiary issues the Court identified in its R&R so that he can file another motion for collective certification[4]. ECF No. 28 at 1–2, 7–8; *see also* R&R, ECF No. 22 at 5–8 (noting that Plaintiff had not included sufficient evidence to support his motion). The Court agrees with Plaintiff in part and Defendant in part.

As to the definition of the allegedly similar workers, neither party provided the definition section of Plaintiff's interrogatories. ECF Nos. 28, 28-1; ECF No. 32. However, despite Defendant's objection to this definition, it still answered interrogatories and produced documents to discovery requests with this term. ECF No. 28-1. Moreover, Plaintiff defined the term in its motion for certification as follows: "other Zona Facta security guards who were treated as independent contractors and paid straight time for overtime." ECF No. 19 at 9. This definition is sufficiently narrow to identify the potential opt-in plaintiffs.

---

[4] In *Swales*, the Fifth Circuit rejected the notion of collective certification. Instead, the Court instructed that the FLSA's focus is on notice, not a certification process. *Swales,* 985 F.3d at 440.

Post-*Swales* case law on similar requests for identifying information of potential opt-in plaintiffs is split. Some courts have concluded that the plaintiff is not entitled to this information because contacting potential similarly situated individuals is improper solicitation. *See, e.g.*, *Gaona v. Flowco Prod. Solutions, LLC*, No. MO:20-CV-144-DC-RCG, 2021 WL 2763035, at *2 (W.D. Tx. April 9, 2021). Other cases have concluded that the plaintiff is entitled to contact information but limits the use of that information to obtain discovery rather than seek out putative collective members or solicit opt-in members. *See, e.g.*, *Rogers v. 12291 CBW, LLC*, No. 1:19-CV-00266-MJT, 2021 WL 11247684, at *1–2 (E.D. Tex. Mar. 29, 2021); *Garcia*, 2021 WL 12348571, at *6 (citing *Skroh v. Polynt Composites USA, Inc.*, No. 3:20-CV-02151-E (N.D. Tex. May 14, 2021), ECF No. 46; (Dkt. No. 16, Exh. G) (allowing discovery of job duties, pay structure and practices, work schedules, policies, and procedures but rejecting dates of birth, cell phone numbers, employee files, time records, pay records, and job descriptions)).

A court in this district found that names and employment-related information such as employee numbers were discoverable because they could help in determining if there were similarly situated employees but contact information was not discoverable. *Garcia*, 2021 WL 12348571, at *7. Similarly, a couple of courts ruled that plaintiffs "should first serve narrowly tailored discovery requests that would allow him to ascertain if" there are employees who may be similarly situated.

*Eg., Verm v. D&G Directional Drilling, Inc.*, No. 6:20-CV-00249-JCB, 2021 WL 2372891, at *3 (E.D. Tex. Jan. 13, 2021); *accord Garcia*, 2021 WL 12348571, at *7 (limiting the scope of discovery to the requests that were narrowly tailored to determine whether the workers were similarly situated). If those narrowly tailored requests reveal there are employees who may be similarly situated, then at that point it may be proper to request further information from a defendant about those individuals. *Verm*, 2021 WL 2372891, at *3.

As the Fifth Circuit noted in *Swales*, the scope of discovery needed to determine whether to send notice to potential opt-in plaintiffs will vary by case but whether employees are similarly situated must be determined at the outset. *Swales,* 985 F.3d at 441. Thus, the Plaintiff does not need to first prove the threshold dispositive issues before obtaining discovery on similarly situated plaintiffs. *Id.*; *Garcia*, 2021 WL 12348571, at *3.

This Court has already given the parties some indication of the relevant inquiry for similarly situated employees. In the R&R, this Court stated that Plaintiff lacked evidentiary support for his motion, finding there was no evidence to "help the Court determine 'how many hours each [security guard] worked, how often each [security guard] worked overtime, and if any overtime is due.'" R&R, ECF No. 22 at 8 (quoting *Fuller v. Jumpstar Enters., LLC*, No. CV H-20-1027, 2021 WL 5771935, at *7 (S.D. Tex. Dec. 6, 2021)). To determine whether the security guards

are similarly situated, the Court will need to consider how many security guards were paid as independent contractors receiving straight time for overtime, what they were paid hourly, how many hours they worked in a week, what they were paid to determine whether overtime was due. *Fuller*, 2021 WL 5771935, at *7. In addition, the Court will ultimately need to consider where they worked and for what companies, under what contractual terms to determine whether they were similarly situated to each other with respect to equipment provided and other conditions of employment. *Swales,* 985 F.3d at 442. Whether the workers were paid in a similar manner is relevant to determining whether they are similarly situated and "[p]roviding this data on a state-by-state basis will further assist in determining the scope of similarly situated workers." *Garcia*, 2021 WL 12348571, at *5.

Therefore, Plaintiff's motion to compel, ECF No. 28, is **GRANTED in part**, and Defendant's motion for protection, ECF No. 32, is **GRANTED in part**, as follows: The Court **ORDERS** that Defendant produce the following information for all similarly situated security guards classified as independent contractors who received straight time for overtime: name, job title, dates of employment, geographic location, and name of the facility where the individual performed work for Defendant in the past three years. At this time, the Plaintiff cannot obtain the last known address or phone number for these employees. Plaintiff cannot use the information produced to seek out potential opt-in members. Plaintiff is limited to

using this information solely for the purposes of obtaining discoverable information that is relevant to the "similarly situated" analysis that this Court noted was lacking evidentiary support. R&R, ECF No. 22 at 5–8. If Plaintiff determines from the provided information that there are similarly situated individuals, Plaintiff may request further discovery regarding those employees.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on October 10, 2025.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**